This case will be sufficiently understood from the opinion delivered in the Court of Appeals, by Martin, J. (sitting for Harpsr, J.) which is as follows:
Martin, J.
The brief in this case, is rendered almost unintelligible by erasions and interlineations. If I have deciphered it correctly, it presents the following case:
The hill was filed by Wm. Norris, against R. W. Hughes, Joseph Hughes, (of Alabama.) and Ker Boyce, of Charleston. R. W. Hughes lived in Union, where the bill was filed. The defendant, Boyce, filed two pleas. 1st, for the non-joinder of Henry, his partner. 2d. That he and his partner, Henry, both resided in Charleston ; that they constituted a majority of defendants residing in one district, and the complainant should have filed his bill in Charleston, and had no right to proceed in Union. At the trial, the defendant, Ker Boyce, in support of his pleas, relied on the statements in the bill: his own affidavit filed with the pleas, and the evidence of two witnesses who testified, that at the time of the transaction mentioned in the bill, and ever since, he carried on business with George Henry, and did not then, nor has he since acted as a factor on his own account. The Chancellor who heard the case, overruled the pleas, but delivered no written opinion or decree, but we are given to understand, that he was of opinion, the defendant’s objections were prematurely made, — that if, at the final hearing, it appeared that proper parties were not before the Court, the risk will have been the complainant’s, and he must abide the consequence.
I have always understood the rule to be well settled, that all parties in interest must be before the Court; and if the complainant by his bill, shews that there are others, who must of necessity be affected by the decree prayed for, it is cause of demurrer. It is not- necessary to enquire, whether it be good *183 ground of a plea, for it will be seen the objection is not, that all parties are not before the Court. It is, that the complainant has made two persons residing in Charleston defendants, and as there is but one defendant in Union, he has no right to call on one or both of the others to answer there. (1 Brev. Dig. 208, § 23.) As there can be no difference of opinion as to the law, it becomes a question of fact, whether he has made two pefsons defendants, who reside in another district, and this must be determined by his bill. He alleges, that R. W. Hughes, one of the defendants, delivered the cotton (for which he seeks to make. Boyce & Henry, or Boyce liable,) “ to Ker Boyce and George Henry, merchants, trading under the firm of Boyce & Henry” &c.
I think I should be justified in saying, that the coniplainant has distinctly shown, that if any one be accountable for the proceeds of this cotton, it must be Boyce & Henry. And in this conclusion, I take it for granted, all will agree with me,pmless by some subsequent'statement or charge in his bill, he discharges them, and looks to Boyce alone, or some other, for indemnity. On examination, it will be found, that the other material charges are, that Boyce & Henry having sold the cotton, appropriated the proceeds to the payment of a debt due by R. W. Hughes to them, or to Ker Boyce alone: and that they, or Ker Boyce, refused to pay over the proceeds, alleging that they would retain the amount in their hands as a payment of his debt; and, again, that he had well hoped the said Boyce cj- Henry, or Ker Boyce, seeing the situation in which he was placed “by their improper, unjust and fraudulent conduct with R. W. Hughes, in thus subjecting him,” &c. The object of the bill is to set aside the receipt given by R. W. Hughes- to Boyce & Henry, as having been obtained in fraud of his rights, and that Boyce & Henry, or Boyce alone, be compelled to pay the amount, and prays process against the defendants.
If the statements in the bill be true, the complainant will no doubt rely with great confidence on his right, to the relief prayed for, and if he is entitled to this relief, it is Boyce & Henry who *184 must be answerable, for they received and sold the cotton. Their liability is joint, not several: and if the money was retained by Boyce alone, for a debt due him individually, it does not discharge them; or enable the complainant to call on Boyce for the default of the firm in not accounting with him. So that if the complainant’s right to be relieved, be placed on the ground of contract, it rests on a joint undertaking. If it rests on fraud, the fraud consisted in a faithless appropriation (as. charged by complainant) of the proceeds of the cottonand who was guilty of that fraud, if any was committed ? That question is answered by asking who were answerable to the complainant ? Certainly Boyce & Henry, and not Boyce. Suppose the want of the good faith now charged on ]|j|yce & Henry, or on Boyce, had consisted in Boyce’s applying the proceeds undér the same circumstances to the payment of a debt due by It. W. Hughes to any other person, (and this is putting the case in the strongest light for complainant,) such misapplicátion would still have been, considered as the joint act of the firm, so far as their liability was involved, and so far as- it might be necessary so to consider it, to enable one or both of them to show that the transaction was fair and honest. To carry this view still further : if the bill had been filed, alleging'that Boyce & Henry received and sold the cotton as factors, but that Boyce had received and applied the money to his own use, or had appropriated it fraudulently, with the consent of Henry, to the payment of a debt due by B. W. Hughes to a third person, none 'I presume will doubt the necessity of making Boyce & Henry defendants, and the complainant’s counsel seems to have taken the same view of the case by his manner of stating the complaint. It certainly then, is stronger against the complainant, as put by the bill, for if is there alleged that they sold the cotton and received the' amount, and that they, or Boyce, applied it to their, or his debt, due by R. W. Hughes.
In any view I have taken of the case, I think it clear that Boyce & Henry have been made defendants by the case stated, and that gives either or both the right- to claim the benefit of *185 the Act insisted on. But I see no necessity for dismissing the bill. ' The complainant may transfer it to the Register in Charleston, and take out new process for the defendants.
The decree of the Chancellor, therefore, overruling the defendant’s second plea, is reversed.
JohnsoN and O’Neall, JJ., concurred.

Decree reversed.